[Cite as *State v. Simpson*, 2015-Ohio-3491.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 15AP-188 |
| | | (C.P.C. No. 00CR-5064) |
| Donovan E. Simpson, | : | |
| | | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

# D E C I S I O N

### Rendered on August 27, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

*Donovan E. Simpson*, pro se.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Donovan E. Simpson is appealing from the trial court's overruling of his "motion to reverse conviction." Since the trial court acted correctly, we affirm.

{¶ 2} Simpson alleges three errors in his briefs:

[I.] The prosecution violated *Brady v. Maryland* when they failed to disclose exculpatory evidence in its possession.

[II.] Trial counsel was ineffective for failing to present a defense, failing to request funds for a fire expert, failing to object when the states fire investigator admit[ed] that they had lost the physical evidence.

[III.] The trial court abused its discretion when it admitted perjured testimony from the states witness.

{¶ 3}   Simpson was convicted of numerous charges in 2001, including aggravated murder and attempted murder.  Following an appeal, he was resentenced in 2003.  *State v. Simpson*, 10th Dist. No. 01AP-757, 2002-Ohio-3717.  In the ten plus years intervening, he has filed numerous motions and petitions for post-conviction relief.  His most recent motion titled "motion to review convictions" can only be deemed a petition for post-conviction relief.

{¶ 4}   The Ohio legislature has limited the time during which inmates can file petitions for post-conviction relief.  *See* R.C. 2953.21.

{¶ 5}   The time the legislature has allowed for such petition and for motions which must be deemed as such petitions, has long since passed for Donovan Simpson.  His latest action is a time-barred and a successive post-conviction petition.  The trial court was correct to deny Simpson relief.

{¶ 6}   The assignments of error are overruled.  The judgment of the trial court is affirmed.

*Judgment affirmed.*

KLATT and HORTON, JJ., concur.

———————————